```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JOHN PEARSON                        *       CIVIL ACTION

VERSUS                              *       NO. 05-0770

CHARLES FOTI, ATTORNEY GENERAL      *       SECTION "B"(3)
```

## ORDER AND REASONS

Before the Court is John Pearson's ("Pearson")petition for writ habeas corpus relief pursuant to 28 USC § 2254 (Rec. Doc. No. 3) and Pearson's motion for stay (Rec. Doc. No. 9). For the following reasons, **IT IS ORDERED** that Pearson's motion to stay is **DENIED** and his petition is **DISMISSED** with prejudice.[1]

## BACKGROUND

On November 3, 2000, Pearson pled guilty to possession of cocaine in violation of La. Rev. Stat. Ann. § 40:967 and was sentenced to a term of five years imprisonment. (Rec. Doc. No. 14 at 2). On November 16, 2001, he pled guilty to being a third offender and was re-sentenced as such to a term of seven years imprisonment, without benefit of probation or suspension of

---

[1] This Court approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion with the following two amendments.

1

sentence, with credit for time served. (Rec. Doc. No. 14 at 2). On November 26, 2001, Pearson filed with the state district court a "Motion for Appeal." (Rec. Doc. No. 14 at 2). On December 6, 2001, that motion was denied. (Rec. Doc. No. 14 at 2). He then filed an application for a supervisory writ which was denied by the Louisiana Fifth Circuit Court of Appeal on January 8, 2002. (Rec. Doc. No. 14 at 2).

On February 7, 2003, Pearson's application for a supervisory writ was granted by the Louisiana Supreme Court and his case was remanded to the district court. (Rec. Doc. No. 14 at 3). On April 15, 2003, the state district court granted an out-of-time appeal and appointed counsel for Pearson. (Rec. Doc. No. 14 at 3). On December 9, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed Pearson's conviction and sentence. (Rec. Doc. No. 14 at 3).

Pearson next filed an application for writ of certiorari with the Louisiana Supreme Court which was denied on June 4, 2004. (Rec. Doc. No. 14 at 3). Pearson's petition for writ of certiorari with the United States Supreme Court was denied on November 29, 2004. (Rec. Doc. No. 14 at 3).

Pearson filed a motion to correct an illegal sentence with the district court on March 14, 2005. (Rec. Doc. No. 14 at 5). That motion was denied on April 4, 2005. (Rec. Doc. No. 14 at 5). Pearson filed a related writ application with the Louisiana

Fifth Circuit Court of Appeal which was denied on May 5, 2005, and currently has a writ application pending before the Louisiana Supreme Court.  (Rec. Doc. No. 14 at 5).

On May 5, 2005, Pearson filed a motion for habeas corpus relief with this Court. (Rec. Doc. No. 3). On May 25, 2005, Pearson filed a motion asking that the current federal habeas corpus proceedings be stayed.  (Rec. Doc. No. 9).

Pearson asserts two assignments of error to Magistrate Judge Knowles' Report and Recommendation:  (1) The state failed to pronounce his sentence as directed by the mandatory provisions under Louisiana Revised Statute Annotated § 15:529.1(D)(3), and (2) The district court made an unreasonable application of federal law under the rule of lenity concerning criminal and penal laws and the cannon of strict construction of statues.

## LAW AND ANALYSIS

**I. The state failed to pronounce his sentence as directed by the mandatory provisions under Louisiana Revised Statute Annotated § 15:529.1(D)(3).**

Pearson asserts that the state failed to pronounce his sentence in conformity with the terms of La. Rev. Stat. Ann. § 15:529.1(D)(3), which provides:

> When the judge finds that Defendant has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection

3

> A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence Defendant to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.

Pearson's assertion is based on his misguided interpretation of this statute.[2] Further, even if his contention could be found to have merit, it concerns a dispute over the interpretation of a state criminal law. "It is not the province of a federal habeas court to re-examine state court determinations on state law questions." *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999). *See also Molo v. Johnson*, 207 F.3d 773, 776 n.9 (5th Cir. 2000)("Federal habeas review does not extend to state court conclusions of state law."); *Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir. 1997)(a disagreement as to state law is not cognizable on

---

[2] Pearson argues that a credit for time served is insufficient to comply with the terms of the statute. He further argues that the statute requires the trial judge to calculate the time that has been served, subtract that period of time from the potential enhanced sentence, and then impose an enhanced sentence consisting solely of the period of time remaining. Thus, because he had served ninety-nine days prior to the habitual offender adjudication, he should be sentenced to six years two hundred sixty-six days rather than seven years with credit for time served. (Rec. Doc. No. 14 at 7-8).

federal habeas); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991)(a federal habeas court does not sit as a "super" state supreme court to review errors under state law).

Federal habeas corpus relief is afforded only for violations of federal constitutional law.  Consequently, Pearson's first assignment of error is without merit.

**II. The district court made an unreasonable application of federal law under the rule of lenity concerning criminal and penal laws and the cannon of strict construction of statues.**

Pearson argues that questions concerning the ambit of a criminal statute should be resolved in favor of lenity.  He argues that because the language of  La. Rev. Stat. Ann. § 15:529.1(D)(3)is so ambiguous and uncertain, it should be narrowly construed in his favor.  He further argues that the district court violated the cannon of strict construction of statutes by failing to do so.

The "rule of lenity" Pearson refers to is rooted in the concern of the law for individual rights, and in the belief that fair warning should be accorded as to what conduct is criminal and punishable by deprivation of liberty or property. *United States v. Bass*, 404 U.S. 336, 347 (1971).  However, although penal laws are to be construed strictly, they "ought not to be construed so strictly as to defeat the obvious intention of the legislature."  *Id*. at 351.  There is no grievous ambiguity or

5

uncertainty in the language and structure of La. Rev. Stat. Ann. § 15:529.1(D)(3). It outlines the process that must be followed by Louisiana state courts in handing down criminal sentences. Pearson suffered no substantial harm by receiving a credit for time served rather than having the ninety-nine days he has already served deducted from his sentence. Moreover, as noted earlier, Pearson was given ample opportunities to argue the interpretation of La. Rev. Stat. Ann. § 15:529.1(D)(3) at the state court level yet failed to do so. A federal habeas court is not the proper venue to do so.

Pearson cites Federal Rule of Criminal Procedure 35 to point out that an "illegal sentence can be corrected at any time." However, his sentence was not illegal because it was handed down in accordance with La. Rev. Stat. Ann. § 15:529.1(D)(3). Further, nothing in the record supports Pearson's contention that he received an illegal sentence. His sentence has been approved numerous times by both Louisiana state courts and the United States Supreme Court after careful review.

Pearson also argues that if there is doubt and uncertainty as to which punishments is applicable to an offense, an accused is entitled to the benefit of the lesser. Nonetheless, the only doubt concerning Pearson's punishment is with Pearson himself. The reviewing courts have clearly established that there is no doubt or uncertainty regarding his sentence by repeatedly

affirming it and denying his motions for relief.  In sum, Pearson's second assertion is meritless and fails.

New Orleans, Louisiana, this <u>28th</u> day of <u>March</u>, 2006.

                                                                  _____
                                                                  IVAN L.R.LEMELLE
                                                                  UNITED STATES DISTRICT JUDGE