UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN PEARSON #155826                                  CIVIL ACTION

versus                                                NO. 05-0770

CHARLES FOTI, ATTORNEY GENERAL                        SECTION: "B" (3)

### REPORT AND RECOMMENDATION

Petitioner, John Pearson, is a state prisoner incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana. On November 3, 2000, he pled guilty to possession of cocaine in violation of La.Rev.Stat.Ann. § 40:967 and was sentenced to a term of five years imprisonment.[1] The state subsequently filed a multiple bill of information alleging that he was a habitual offender.[2] On November 16, 2001, he pled guilty to being a third offender and was resentenced as such to a term of seven years imprisonment, without benefit of probation or suspension of sentence, with credit for time served.[3] He was subsequently granted an out-of-time

---

[1] State Rec., Vol. I of IV, transcript of November 3, 2000; State Rec., Vol. I of IV, minute entry dated November 3, 2000; State Rec., Vol. I of IV, guilty plea form.

[2] State Rec., Vol. I of IV.

[3] State Rec., Vol. I of IV, transcript of November 16, 2001; State Rec., Vol. I of IV, minute entry dated November 16, 2001; State Rec., Vol. I of IV, guilty plea form.

appeal,[4] and, on December 9, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.[5] He next filed with the Louisiana Supreme Court an application for a writ of certiorari[6] which was denied on June 4, 2004.[7] He then filed with the United States Supreme Court a petition for writ of certiorari which was denied on November 29, 2004.[8]

On February 25, 2005, petitioner filed this federal application for *habeas corpus* relief,[9] and he subsequently filed a motion for a stay.[10] On March 28, 2006, the United States District Judge denied the request for a stay and dismissed the petition with prejudice;[11] however, no judgment was ever entered in this matter.

On April 4, 2006, petitioner filed a document entitled "Additional Supplemental Claim That Has Been Properly Exhausted To Be Added To His Pending 2254."[12] On July 30, 2007,

---

[4] State Rec., Vol. I of IV, Order dated April 15, 2003. A duplicate order was also signed on April 30, 2003. State Rec., Vol. I of IV, Order dated April 30, 2003.

[5] State v. Pearson, 861 So.2d 283 (La. App. 5th Cir. 2003) (No. 03-KA-652); State Rec., Vol. III of IV. On December 23, 2003, petitioner filed an application for rehearing which was denied on January 9, 2004. State Rec., Vol. I of IV.

[6] State Rec., Vol. IV of IV.

[7] State v. Pearson, 876 So.2d 73 (La. 2004) (No. 2004-KO-0166); State Rec., Vol. III of IV.

[8] Pearson v. Louisiana, 543 U.S. 1007 (2004) (No. 04-6487); State Rec., Vol. III of IV. As noted in the original Report and Recommendation issued in this case, petitioner also sought post-conviction relief in the state courts. Rec. Doc. 14.

[9] Rec. Doc. 3.

[10] Rec. Doc. 9.

[11] Rec. Doc. 16.

[12] Rec. Doc. 17.

the United States District Judge referred the "additional supplemental claim" to the undersigned for consideration.[13]

The "additional supplemental claim" which petitioner now asserts, however, is the same claim with respect to which he previously requested the stay. In connection with the motion to stay, both the undersigned and the United States District Judge found that a stay was not warranted because, *inter alia*, the underlying claim has no merit. In his order, the United States District Judge held:

> Pearson asserts that the state failed to pronounce his sentence in conformity with the terms of La. Rev. Stat. Ann. § 15:529.1(D)(3), which provides:
>
>> When the judge finds that Defendant has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence Defendant to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.
>
> Pearson's assertion is based on his misguided interpretation of this statute.[FN] Further, even if his contention could be found to have merit, it concerns a dispute over the interpretation of a state criminal law. "It is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999). See also Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal habeas review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal habeas); Dickerson v.

---

[13] Rec. Doc. 18.

Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) (a federal *habeas* court does not sit as a "super" state supreme court to review errors under state law).

> [FN] Pearson argues that a credit for time served is insufficient to comply with the terms of the statute. He further argues that the statute requires the trial judge to calculate the time that has been served, subtract that period of time from the potential enhanced sentence, and then impose an enhanced sentence consisting solely of the period of time remaining. Thus, because he had served ninety-nine days prior to the habitual offender adjudication, he should be sentenced to six years two hundred sixty-six days rather than seven years with credit for time served. (Rec. Doc. No. 14 at 7-8).[14]

The United States District Judge also held:

> Pearson argues that questions concerning the ambit of a criminal statute should be resolved in favor of lenity. He argues that because the language of La. Rev. Stat. Ann. § 15:529.1(D)(3) is so ambiguous and uncertain, it should be narrowly construed in his favor. He further argues that the district court violated the canon of strict construction of statutes by failing to do so.
> The "rule of lenity" Pearson refers to is rooted in the concern of the law for individual rights, and in the belief that fair warning should be accorded as to what conduct is criminal and punishable by deprivation of liberty or property. United States v. Bass, 404 U.S. 336, 347 (1971). However, although penal laws are to be construed strictly, they "ought not to be construed so strictly as to defeat the obvious intention of the legislature." Id. at 351. There is no grievous ambiguity or uncertainty in the language and structure of La. Rev. Stat. Ann. § 15:529.1(D)(3). It outlines the process that must be followed by Louisiana state courts in handing down criminal sentences. Pearson suffered no substantial harm by receiving a credit for time served rather than having the ninety-nine days he has already served deducted from his sentence. Moreover, as noted earlier, Pearson was given ample opportunities to argue the interpretation of

---

[14] Rec. Doc. 16, pp. 3-5.

> La. Rev. Stat. Ann. § 15:529.1(D)(3) at the state court level yet failed to do so. A federal habeas court is not the proper venue to do so.
>
> Pearson cites Federal Rule of Criminal Procedure 35 to point out that an "illegal sentence can be corrected at any time." However, his sentence was not illegal because it was handed down in accordance with La. Rev. Stat. Ann. § 15:529.1(D)(3). Further, nothing in the record supports Pearson's contention that he received an illegal sentence. His sentence has been approved numerous times by both Louisiana state courts and the United States Supreme Court after careful review.
>
> Pearson also argues that if there is doubt and uncertainty as to which punishments is applicable to an offense, an accused is entitled to the benefit of the lesser. Nonetheless, the only doubt concerning Pearson's punishment is with Pearson himself. The reviewing courts have clearly established that there is no doubt or uncertainty regarding his sentence by repeatedly affirming it and denying his motions for relief.[15]

Based on the foregoing, it is evident that petitioner's "additional supplemental claim" has already been considered, exhaustively addressed, and rejected in this proceeding.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that petitioner's "additional supplemental claim" be **DISMISSED WITH PREJUDICE** and that judgment be entered in this proceeding.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[15] Rec. Doc. 16, pp. 5-7.

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixteenth day of August, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**